IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAY WILLIAMS | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv188 |
| JOB MONGARE | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRTE JUDGE

Petitioner Jay Williams, an inmate of the Henderson County Jail proceeding pro se, filed a handwritten "writ of habeas corpus" in which he vaguely alleged unspecified criminal acts and demanded release from jail. (Dkt. #1.) He did not pay a filing fee or move to proceed *in forma pauperis*. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On April 21, 2023, the Court gave Petitioner thirty days from receipt of its order to file an amended pleading on a proper form to clarify the nature of his suit (habeas corpus or civil rights) and to satisfy the filing fee requirement corresponding to the type of suit he elects. (Dkt. #3.) Pending Petitioner's compliance with that order, his pleading has not been screened, no party has been ordered to respond to it, and no discovery or other litigation of this matter has occurred.

Petitioner has now filed a document styled as a "Summary Judgement," which the Court construes as a motion for summary judgment. (Dkt. #9.) For reasons explained below, the undersigned recommends that the motion be denied as frivolous.

**I. Discussion and Analysis**

Plaintiff's motion consists of a single page. (Dkt. #9.) It does not discuss the legal or factual basis for his case and is not supported by any evidence. It simply states that he moves for summary judgment and leaves a space for the Court to "award[] Jay Williams in the amount of ____." (*Id.*)

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Motions for summary judgment "must" be supported by citations "to particular parts of materials in the record" establishing that a fact cannot be genuinely disputed. Fed. R. Civ. P. 56(c)(1). A motion for summary judgment should be denied when the movant has not demonstrated the absence of disputed facts. *See Honore v. Douglas*, 833 F.2d 565, 570 (5th Cir. 1987) ("Thus, if any facts are in dispute, summary judgment is inappropriate.").

Here, Petitioner's motion for summary judgment does not even address the facts of this case in any detail. As indicated above, his original pleading does not allege any facts, and the actual nature of the suit itself is unclear at this point. Further, Petitioner's motion does not add or cite to any evidence in the record to support his claims, much less establish that there is no genuine dispute about them. The motion fails to satisfy the standard for summary judgment and lacks any basis in law or fact. It should therefore be denied as frivolous. *See Moore v. Cooper*, 137 F.3d 1350 (5th Cir. 1998) (describing filing as "without basis in law or fact and, thus, frivolous").

RECOMMENDATION

Accordingly, the undersigned recommends that Petitioner's motion for summary judgment (Dkt. #9) be **DENIED** as frivolous, without prejudice to his ability to file a properly supported

motion for summary judgment after a respondent party has filed a responsive pleading and any court-approved discovery has been conducted.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 3rd day of May, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE