IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAY WILLIAMS | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv188 |
| JOB MONGARE | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Jay Williams, an inmate of the Henderson County Jail proceeding *pro se*, filed a pleading he titled "writ of habeas corpus," in which he alleged wrongful imprisonment and unspecified "criminal acts." (Dkt. #1.) The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On April 21, 2023, the Court observed that Plaintiff had neither paid the required filing fee nor sought leave to proceed *in forma pauperis* (IFP). (Dkt. #3.) Accordingly, the Court gave him thirty days to satisfy the filing fee requirement to proceed with this case. (*Id.*) The Court also found that Plaintiff's pleading was deficient and that it was unclear whether he intended to bring true habeas claims or claims related to the conditions of his confinement pursuant to 42 U.S.C. § 1983. (*Id.*) Accordingly, the Court ordered him to file an amended pleading on the approved form for either Section 1983 complaints or habeas petitions within thirty days. (*Id.*)

Plaintiff did not comply with either aspect of that order. He filed a fifteen-page handwritten document titled "amended complaint," but it is not on an approved form as the Court ordered, and it does not satisfy the minimal requirements for an initial pleading: among other deficiencies, it does not identify a respondent or defendants or specify the relief sought. (Dkt. #17.) And he has

still neither paid a filing fee for this case nor filed a properly supported IFP motion as required by Habeas Rule 3(a)(2) (requiring habeas petitioners to submit an affidavit supported by "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution") or the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(a)(2) (requiring prisoners seeking pauper status in other civil cases to support their applications with "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint").

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant."). Dismissal with prejudice for failure to comply with a court order is an extreme sanction that should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way that] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissal without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Here, Plaintiff's failure to comply with the Court's orders is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

RECOMMENDATION

Accordingly, the undersigned recommends that Plaintiff be denied leave to proceed IFP and this action be dismissed without prejudice for Plaintiff's failure to comply with an Order of the Court and failure to take the steps necessary to prosecute this case.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Clerk shall continue refusing to accept any submissions from Plaintiff other than a fee payment, an IFP application, an amended pleading, or an objection to this Report.

So ORDERED and SIGNED this 15th day of June, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE